OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered September 15, 1971 (Levittan, J., at trial; Golden, J., at hearing) affirmed. The case is remitted to the Criminal Court of the City of New York, County of New York, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5).
Pursuant to our order, the disposition of this appeal was held in abeyance and the matter remanded to the Criminal Court for a hearing on the issue whether the questioning of the defendant before the Grand Jury was based upon information derived from unauthorized electronic eavesdropping (People v Grieco, NYLJ, April 21, 1977, p 6, col 3). At the hearing, stipulated testimony (in the form of affidavits submitted by two Assistant District Attorneys) was adduced to the effect that the questioning of the defendant had not been predicated upon the result of electronic surveillance, but upon information gleaned from physical stakeouts by members of the District Attorney’s office. Defendant did not offer rebuttal testimony, or counter the prosecution’s denials in any way.
On a motion to suppress evidence, it is the accused, not the People, who bears the ultimate burden of proof, although the People have the burden of going forward to show the legality of the police conduct in the first instance (People v Di Stefano, 38 NY2d 640, 652). The hearing court was entitled to conclude that the People offered sufficient evidence to sustain their initial burden. Defendant did not present any facts . which could reasonably lead to the belief that he had been subjected to undisclosed electronic eavesdropping (see People v Cruz, 34 NY2d 362, 369-370).
Concur: Dudley, P. J., Hughes and Tierney, JJ.